```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

LAURIE J. LEWIS
     -Plaintiff,

     -v-                           CIVIL 3:04CV1194(DJS)(TPS)

TOWN OF WATERFORD, et al.
     -Defendants.
```

### RULING ON DEFENDANTS' MOTION TO STRIKE

This case involves plaintiff Laurie Lewis's claim that the defendants, Town of Waterford, Bruce Miller, and Paul Eccard, promoted her from Public Safety Dispatcher II/Training Coordinator to Communications Supervisor, and then refused to honor that promotion or to compensate her for performing additional responsibilities connected with the promotion, despite repeated requests by the plaintiff that they do so. After filing a motion for summary judgment and the requisite Local Rule 56 Statement, and after receiving the plaintiff's Local Rule 56 Statement, the defendants filed the motion to strike at issue.

The defendants ask the Court to strike exhibits A, B, and D attached to the Plaintiff's Local Rule 56 Statement because the plaintiff fails to specifically cite the paragraphs that correspond with the plaintiff's denial of statements made in the Defendants' Local Rule 56 Statement. (Defs.' Mem. Supp. Mot. 2-3.) The defendants also move to strike the plaintiff's responses to certain paragraphs of the Defendants' Local Rule 56 Statement claiming that

the plaintiff failed to adequately admit or deny the statements. (Id. at 6.)  Lastly, the defendants move to strike specific paragraphs of the Plaintiff's Local Rule 56 Statement and Exhibit A because they contain inadmissible double hearsay.  (Id. at 3-5.)

The defendants' motion to strike is **GRANTED** in part and **DENIED** in part.  28 U.S.C. § 636(c).

## I.   STANDARD OF REVIEW

"[A] motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conslusory statements, are incomplete, or have not been properly authenticated."  Merry Charters, LLC v. Town of Stonington, 342 F. Supp. 2d 69, 75 (D. Conn. 2004) (citing Spector v. Experian Info. Serv. Inc., 321 F. Supp. 2d 348, 352 (D. Conn. 2004)).  "In ruling on a motion to strike, the court applies the Federal Rules of Evidence to determine whether evidence would be admissible at trial and thus whether the court can consider them in ruling on a motion for summary judgment."  Glynn v. Bankers Life and Cas. Co., No. 3:02CV1802 (AVC), 2005 WL 2028698, at *1 (D. Conn. Aug. 23, 2005) (citing Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d. Cir. 1997)).  Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).

## II.   DISCUSSION

**A.   Motion to Strike Exhibits A, B, and D is DENIED.**

The defendants move to strike Exhibits A, B, and D because the plaintiff failed to specifically cite to the exhibits when denying a statement in the Defendants' Local Rule 56 Statement. Local Rule 56(a)(3) requires that each denial in an opponent's Local Rule 56(a)(2) Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." D. Conn. L. Civ. R. 56(a)(3).

The rule requires the opponent to reference "specific paragraphs when citing affidavits or responses to discovery requests, and to cite specific pages when citing to deposition or other transcripts or to documents longer than a single page in length." Id. If a party neglects to cite specific paragraphs or pages, the court may deem certain facts, supported by the evidence, admitted or the court may impose sanctions, including, in this case, granting the motion for summary judgment if the undisputed facts show that the movant is entitled to judgment as a matter of law. Id.

The purpose of the specific citation requirement "is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are undisputed." Ungerleider v. Fleet Mortgage Group of Fleet

Bank, 329 F. Supp. 2d 343, 364, (D. Conn. 2004) (citing Coger v. State of Connecticut, 309 F. Supp. 2d 274, 277 (D. Conn. 2004), *aff'd*, Coger v. Connecticut Dept. of Pub. Safety, No. 04-1886-CV, 2005 WL 1800627 (2nd Cir. July 27, 2005).  "Without such a statement, 'the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties.'" Id.

In Ungerleider, the plaintiff's Local Rule 56 Statement failed to comply with Local Rule 56(a)(3) because the plaintiff included citations only in the "Disputed Issues of Material Fact" section of the statement, and not in the "Response to Defendant's Statements" section.  Id.  Despite this failure to comply, the court found that the circumstances did not warrant any sanctions under Local Rule 56(a)(3) because the court's review of the record, guided by citations provided by both the plaintiff and the defendant, was sufficient.  Id.

Similarly, in the instant case, the circumstances do not justify applying the possible consequences listed in Local Rule 56(a)(3) for disregarding the specific citation requirement.  The plaintiff supplies specific citations in the "Statement of Material Facts in Issue," as did the plaintiff in Ungerleider.  In addition, the plaintiff provides general citations in the "Responses to Defendant's Statement of Alleged Facts" section.  While the exhibits, particularly Exhibit A, include multiple pages, and the

plaintiff did not cite a specific page or paragraph as required by Local Rule 56(a)(3), the record is not so voluminous as to hinder the Court's examination of it.

Therefore, the Defendants' Motion to Strike is **DENIED** with respect to exhibits A, B, and D and the responses including general citations to those exhibits.

**B.   Motion to Strike Response to Paragraphs 63, 71, 73, 75-78, 82, ad 96 is GRANTED.**

In her Local Rule 56 Statement, the plaintiff refuses to admit or deny certain paragraphs on the basis that they cannot be understood as written. The plaintiff responds to nine paragraphs of the Defendants' Local Rule 56 Statement by claiming, "[t]his paragraph makes no sense as written. Apparently it is a cut-and-paste job from another document written in the first person. Plaintiff moves to strike this paragraph." (Pl.'s Local Rule 56 Statement, ¶¶ 63, 71, 73, 75-78, 82, and 96.)

Local Rule 56(a)(2) requires that the party opposing summary judgment state whether each of the facts asserted by the moving party is admitted or denied. D. Conn. L. Civ. R. 56(a)(2). While defense counsel should have proofread the document to ensure that every paragraph was written in the proper form, the language as presented does not preclude comprehension of the statement. For example, paragraph 63 states:

> Following the elimination of the Communication Supervisor position, Mr. Miller discussed with me creating a supervisory position for the

>           Communication Center.  Ms. Aube informed Mr.
>           Miller that she did not believe there would be
>           the necessary support to add a new position.
>           She informed him that any new or significantly
>           altered position would require a job
>           description.  (Ex. A ¶¶ 22, 23; Ex. B, ¶ 26.)

(Defs.' Local Rule 56 Statement 11.)  It is true that reading the first sentence alone leaves the reader wondering the identity of the person referred to as "me".  After reading the first sentence in context with the entire paragraph, however, it is unmistakable that "me" refers to Ms. Aube.  Seven of the nine statements include similar errors, the lack of clarity of which is just as easily disposed.  By simply reading the entirety of the paragraphs, the plaintiff could easily discern the meaning of the statements and either admit or deny them.

**C.  Motion to Strike Paragraphs 105, 106, 107, and 109 of the Plaintiff's Local Rule 56 Statement and Paragraphs 9, 11, 12, and 20 of Exhibit A is GRANTED.**

The defendants base their objections to the enumerated paragraphs of the Plaintiff's Local Rule 56 Statement on the inadmissibility of the statements as double hearsay.  (Defs.' Mem. Supp. Mot. 3.)  According to Federal Rules of Civil Procedure 12(f), "a court may order stricken from any pleading any insufficient defense or any redundant, immaterial or impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  A party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment . . . absent a showing that admissible evidence will be available at trial."  Nyack v. S. Connecticut State Univ., 424 F.

Supp. 2d 370, 374 (D. Conn. 2006) (citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985)). In accordance with this policy, "a court may therefore strike portions of an affidavit that are not based on the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." Id. (citing Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999), abrogated on other grounds, Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 148 (2000)).

The statements that the defendants move to strike are: (1) a statement made by defendant Miller in the presence of Commissioners Carson and Munsell, who then reported the statement to the plaintiff, and (2) a statement made by defendant Eccard in the presence of Commissioner Carson, who then reported the statement to the plaintiff. Both statements submitted by the plaintiff contain double hearsay, as they each consist of two out of court statements. However, under Federal Rule 805, "hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Fed. R. Evid. 805.

**1. First Level of Hearsay**

    **a.   Rule 801(d)(2)(A)**

Both of the statements at issue originated with a defendant. Federal Rule 801(d)(2)(A) categorizes statements made by a party,

-7-

and offered against it, as nonhearsay. Fed. R. Evid. 801(d)(2)(A). These statements are nonhearsay at the first level because they satisfy the requirements of this rule: (1) defendants Miller and Eccard are both parties to the litigation, (2) they are the persons who made the statements, and (3) the plaintiff offers the statements against defendants Miller and Eccard. Therefore, the statements are nonhearsay at the first level under Rule 801(d)(2)(A).

### b. Rule 801(d)(2)(D)

Defendant Eccard's statement is also nonhearsay because it is a statement made by a party's agent "concerning a matter within the scope of the agency or employment, made during the existence of the relationship and offered against the party." Fed. R. Evid. 801(d)(2)(D). Eccard was clearly an agent, as defined by both the Connecticut Supreme Court and the Second Restatement of Agency ("Restatement"). The Connecticut Supreme Court consistently holds that first selectmen are agents of the town in which they hold office. See Morris v. Congdon, 277 Conn. 565, 574 (2006); Pinney v. Brown, 60 Conn. 164, 169 (1891); Union v. Crawford, 19 Conn. 331, 332 (1848). The Restatement defines the agency relationship as "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) of Agency § 1 (1958). According to the

Restatement, some factors to consider when determining whether an agency relationship exists include: (1) whether the alleged principal has the right to direct and control the work of the agent, (2) whether the agent is engaged in a distinct occupation, (3) whether the principal or the agent supplies the instrumentalities, tools, and the place of work, and (4) the method of paying the agent. Beckenstein v. Potter and Carrier, Inc., 191 Conn. 120, 133 (1983) (citing Restatement (Second) of Agency §§ 14, 220 (1958)).

In this case, defendant Eccard was employed by the Town of Waterford as the first selectman. The Charter of the Town of Waterford designates that "all town agencies and officials . . . shall be under the administrative supervision of, and report to the first selectman acting for the board of selectmen." Charter of the Town of Waterford ("Charter") 3.2.5. The Charter also designates the first selectman as the executive officer of the town. Charter 3.2.3. Through the charter, the Town directs and controls the work of the first selectman. In addition, the Charter enumerates the powers and duties of the first selectman, such as superintending the affairs of the town, directing the administration of departments and officers, and ensuring the faithful execution of the laws and ordinances governing the town. Id. Furthermore, the Town provides the first selectman with an office and the necessary supplies to perform his job and pays his wage. The Town gave its

consent for defendant Eccard to act on its behalf when it appointed him to the position of first selectman, empowering him with the duties set forth in the Charter. Defendant Eccard consented to act on the town's behalf when he accepted the position of first selectman. Therefore, defendant Eccard qualifies as an agent of defendant Town of Waterford.

In order for Eccard's statement to be considered a statement of the Town through its representative, the statement must concern a matter in the scope of Eccard's employment and must have been made during the employment relationship. Fed. R. Evid. 801(2)(D). Eccard's statement, as alleged by the plaintiff, concerned the plaintiff's possible supervisory position. According to the plaintiff, Eccard stated during a meeting with the Chief of Police, the Deputy Chief of Police, and the Town Attorney, that the plaintiff had an open case with the town and he did not want the plaintiff in a supervisory role. (Pl.'s Local Rule 56 Statement ¶ 11.)

A series of letters, dated March 27, 2001, November 24, 2003, December 1, 2003, and December 4, 2003, established that the first selectman had supervisory authority over town employees and the designation of their authorities and responsibilities. (Defs.' Local Rule 56 Statement, Exs. QQ, RR, SS, and TT.) The last three letters specifically pertain to the Fire Commission's designation of the plaintiff as the individual handling the day-to-day

supervision of the Communications Center. (Id., Exs. RR, SS, TT.) Since Eccard affirmatively accepted responsibility for any reorganization of the town employees, and his statement concerned the possibility of the plaintiff undertaking a supervisory role, his statement was made concerning a matter in the scope of his employment. In addition, Eccard made the statement during his employment with the Town. Therefore, Eccard's statement is nonhearsay under Rule 801(2)(D) because Eccard is an agent of the Town, and he made a statement during his employment by the Town concerning a matter in the scope of his employment.[1]

### 2. Second Level of Hearsay

Although the initial statements made by defendants Miller and Eccard are nonhearsay under Rules 801(d)(2)(A) and (D), there are no applicable hearsay exceptions for the second level statements. Neither Commissioner Munsell nor Commissioner Carson are agents of the Town of Waterford, Miller, or Eccard. Therefore Rule 801 does not apply. As Commissioners of the Fire Department, Commissioners

---

[1] In contrast, defendant Miller's statement does not qualify as nonhearsay under Rule 801(d)(2)(D). The Charter does not grant any executive powers to the Fire Administrator, as it does to the first selectman. In fact, the Charter grants the first selectman supervisory authority over the Board of Fire Commissioners, which supervises the Fire Administrator. Charter 3.2.5, See Defs.' Local Rule 56 Statement Exs. Q and T. Therefore, defendant Town of Waterford did not consent to defendant Miller acting on its behalf, and vice versa, and no agency relationship exists to allow defendant Miller's statement to be considered nonhearsay under Rule 801(d)(2)(D).

Munsell and Carson report to First Selectman Eccard, (Charter 3.2.5), not the Town of Waterford. Arguably, the Board of Fire Commissioners is similar to the Board of Education, which Connecticut courts have found to be an agent of the town, and therefore should be considered an agent of the town. See Cahill v. Bd. of Educ., 187 Conn. 94 (1982). However, the Board of Education is not subject to the administrative supervision of the first selectman under the Town Charter of the Town of Waterford. Charter 3.2.5. Noting this key difference, the Court finds that the Board of Fire Commissioners, and therefore Commissioners Munsell and Carson, are not agents of the town.

Furthermore, Commissioners Munsell and Carson are not agents of defendants Miller and Eccard. Defendants Eccard and Miller are sued in their individual capacities. (Pl.'s Compl. ¶ 6.) Therefore, no agency relationship exists as a result of the employment relationship. In addition, no evidence exists that defendants Miller or Eccard consented to Commissioners Munsell or Carson acting on their behalf when they relayed the statements made to plaintiff. Thus, the second level statements are not nonhearsay and, therefore are excluded under Rule 805.

Since the statements in paragraphs 105, 106, 107, and 109 of the Plaintiff's Local Rule 56 Statement and paragraphs 9, 11, 12, and 20 of Exhibit A include double hearsay not subject to any hearsay exception, Defendants' Motion to Strike the paragraphs is

**GRANTED.**

### III.    CONCLUSION

The Defendants' Motion to Strike is **DENIED** with respect to Exhibits A, B, and D.  The Defendants' Motion to Strike is **GRANTED** with respect to plaintiff's responses to paragraphs 63, 71, 73, 75-78, 82, 96, paragraphs 105, 106, 107, and 109 of the plaintiff's Local Rule 56 Statement, and paragraphs 9, 11, 12, and 20 of the plaintiff's Exhibit A.

**Dated at Hartford, Connecticut, this \_\_\_ day of _____, 2006.**

**Thomas P. Smith**
**United States Magistrate Judge**